PEOPLE, PLAINTIFF AND APPELLEE, *v.* AVILÉS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of Section 287 of the Penal Code.

No. 1951.—Decided June 22, 1922.

BAWDY HOUSE—PLEADING—EVIDENCE.—An information for violation of section 287 of the Penal Code wherein although not in the very words of the statute it is alleged that the appellant had established and personally managed a bawdy house in a certain ward of a certain municipality which was frequently visited by persons of opposite sex for the purpose of having illicit carnal intercourse, is sufficient; and it having been proved that prostitutes went to the said house to have sexual intercourse with strange men, the judgment of conviction was justified.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The first ground of the appeal in this case is that the information does not state facts which constitute an offense.

According to section 287 of the Penal Code, every person who keeps a house of ill fame in Porto Rico, resorted to for the purpose of prostitution, or lewdness, or who wilfully resides in such house, is guilty of a misdemeanor; and the information against the appellant alleges that he kept and personally managed a house of ill fame in the ward of Canas, of Ponce, which was resorted to by persons of opposite sexes for the purpose of having illicit carnal intercourse.

As may be observed, the information does not follow exactly the language of the statute, but it expresses the same idea, because a house of ill fame resorted to by persons of opposite sexes for the purpose of having illicit carnal intercourse is a house of ill fame resorted to for the purpose of prostitution and lewdness; and the manner in which the information is drafted makes it even clearer than if it had followed the very language of the statute, for it charges acts which constitute prostitution and lewdness. The case of *People* v. *Bracero,* 27 P. R. R. 116, which the appellant cites, is not applicable to the present case, inasmuch as in that case the house was not resorted to for purposes of prostitution and lewdness, but the defendant only indulged in prostitution in the house in which she lived.

In the second assignment of error it is maintained that the evidence is insufficient to support the judgment of conviction, but there was testimony that prostitutes went to the house to have sexual intercourse with strange men.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.